**Sircar v City Univ. of N.Y.**

2025 NY Slip Op 32209(U)

June 23, 2025

Supreme Court, New York County

Docket Number: Index No. 158492/2024

Judge: James d'Auguste

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **Hon. James E. d'Auguste** PART 55

Justice

------------------------------------------------------------------X

RATNA SIRCAR,

                              Plaintiff,

               - v -

CITY UNIVERSITY OF NEW YORK, VINCENT
BOUDREAU,

                    Defendants.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158492/2024 |
| MOTION DATE | 12/02/2024, 12/02/2024 |
| MOTION SEQ. NO. | 001 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15

were read on this motion to/for                        DISMISS              .

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15

were read on this motion to/for                        DISMISS              .

In this action for employment discrimination, defendants City University of New York (CUNY) and Vincent Boudreau (Boudreau) move, pursuant to CPLR 3211, to dismiss the complaint of Ratna Sircar (Sircar). As set forth below, the motion is denied in part and granted in part, and the complaint is dismissed.

## BACKGROUND

Sircar commenced this action to challenge defendants' denial of tenure and reappointment, alleging age discrimination and retaliation by defendants pursuant to the New York State Human Rights Law, Executive Law §§ 296, 297 (NYSHRL) and the New York City Human Rights Law, Administrative Code of the City of N.Y. §8-107 (NYCHRL). Sircar is a seventy-two-year-old female citizen of the United States and of Indian descent. At the time she was hired, she was a full professor on a seven-year tenure track at City College of New York

158492/2024 SIRCAR, RATNA vs. CITY UNIVERSITY OF NEW YORK ET AL
Motion No. 001 001

Page 1 of 23

1 of 23

(CCNY/CUNY). Boudreau was the interim president of CCNY/CUNY and is now the President (complaint, ¶ 5). Sircar is a "nationally and internationally recognized neurobiologist, with particular expertise in adolescent brain development and addiction, including alcoholism" (complaint, ¶ 7). Sircar has multiple degrees, including a Bachelor of Science, Master of Science, Doctorate in Physiology and was awarded the "BK Anand Gold Medal for the Best PhD dissertation in Physiology" (complaint, ¶ 8).

Sircar alleges in the complaint that she is an active member of the American College of Neuropsychopharmacology. She has published extensively in neuroscience journals for nearly 40 years and has co-authored over 40 peer reviewed publications and book chapters. She has served as grant reviewer for NIH study sections, for the NSF panel and she teaches bachelor's and master's level courses.

According to her complaint, Sircar alleges that she began work at CUNY in 2012 with promises from CUNY for a new lab. Sircar additionally alleges that she "arrived at CUNY with three truckloads of equipment, and ongoing NIH grants, and promises from CUNY for a new lab, start-up funds in the amount of $290K and early tenure" (complaint, ¶ 29). Sircar alleges that it is unusual to move with equipment and a grant, but that she managed to bargain for all of this. Yet, Sircar states, CUNY reneged on their promises. They did not rebuild her lab until 2015, three years later. Thus, the equipment she brought with her was dispersed throughout many rooms and buildings by CUNY. According to Sircar, this lack of a proper lab "derailed and materially hindered her existing grant research and . . . impeded her ability to obtain future grants" (complaint, ¶ 38). Additionally, she was told not to plug in any of the equipment, which ultimately damaged it. In contrast to CUNY's treatment of her, CUNY rebuilt the lab "within

158492/2024 SIRCAR, RATNA vs. CITY UNIVERSITY OF NEW YORK ET AL
Motion No. 001 001

Page 2 of 23

months for a caucasian male in the psychology department hired at the same time that [Sircar] was hired" (complaint, ¶ 39).

During this time, defendants denied Sircar early tenure, "in direct contradiction of the promises and explicit representations made to her when she was induced to accept employment at CUNY" (complaint, ¶ 40).

Sircar alleges that "after being unanimously approved for tenure and reappointment by the College Personnel and Budget Committee (College P & B) in October of 2021, the College-Wide Review Committee then voted to deny her tenure and reappointment on or about November 8, 2021" (complaint, ¶ 50). She was 69 years of age at the time of that vote. With respect to her age discrimination claim, Sircar alleges that Dr. Lesia Ruglass (Ruglass), a significantly younger member of the profession (over ten years younger than Sircar was when she was denied early tenure), who came to CCNY in 2020 with a training grant, was granted early tenure (complaint, ¶ 41). Sircar also alleges that the College-Wide Review Committee voted to grant tenure to two other younger, "relatively less-qualified candidates who had neither the breadth of experience, publications, grant funding, research, accolades, or multidisciplinary abilities as [Sircar]" (complaint, ¶ 52). These two candidates were Adriana Espinosa, "who was born in or about 1981," and joined CUNY as an assistant professor in 2014, and Sarah O'Neill, also born in or about 1981, and joined CUNY as an assistant professor in 2013.

Of these two candidates, Sircar states that they were "two younger, non-Indian, non-Asian, female professors with lesser credentials in terms of overall publications, grant funding, membership in peer/federal funding review committees, renown in their respective fields, and research and teaching" (complaint, ¶ 57).

[* 3]

After the denial of her application for renewal and tenure, on or about December 8, 2021, Sircar "was forced to file an appeal of this improper interim vote by the College-Wide Review Committee to CCNY/CUNY President Boudreau" (complaint, ¶ 58). On or about April 13, 2022, Boudreau issued a written denial of her appeal.

Sircar alleges that the written denial had a "pre-textual nature" (complaint, 62) and described it as follows:

> "President Boudreau acknowledged [Sircar's] evident Teaching and Service accomplishments. He, however, improperly denigrated her grant procurement and publications. In so doing he completely ignored the role that [Sircar] played in connection with a NYS-funded grant that she helped put together . . . with the NIH ROI grant that she brought with her and serviced during her employment with Respondents; the quality and depth of her papers (even while acknowledging the quality of the publications which published them) as well as the increase in rate of publications in the years after [defendants] actually provided her with her promised laboratory; her manuscript then in preparation; her additional grant applications; the difficulty in procuring grants at the level at which Sircar operated; the societal field; and her guest speaking, panel and lecturer appearances"

(complaint, ¶ 61).

Sircar then filed a grievance through her union challenging CUNY's denial of her reassignment and tenure and indicated that she would be further seeking to protect her rights through filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) (complaint, ¶ 67). This grievance was denied and Sircar's union appealed the grievance in arbitration before the American Arbitration Association.

In her affidavit in opposition to defendants' motion, Sircar further details this allegation by stating that defendants unquestionably knew of her filing of the EEOC charges as they "received a copy of [her] complaint" (Sircar aff, ¶ 14) and she "complained to the City College Diversity Office directly" (*id.*). She avers with respect to the defendants' alleged retaliation

158492/2024 SIRCAR, RATNA vs. CITY UNIVERSITY OF NEW YORK ET AL
Motion No. 001 001

Page 4 of 23

4 of 23

against her that: "[a]ll of the Defendants were aware of these circumstances before I was removed from the syllabus and before my lab was forcibly dismantled" (*id.*).

Sircar was given an EEOC Right to Sue Letter and filed a complaint on or about July 20, 2023 in the Southern District of New York (SDNY) and simultaneously filed the complaint in this Court. This matter was stayed, as was the lawsuit in federal court, to allow for the completion of an arbitration "on related issues brought by [Sircar's] Union, Professional Staff Congress (PSC) against [CUNY]" (memo in opp at 2). Sircar notes that the arbitrator heard testimony from Sircar and representatives of CUNY, but there was no paper discovery or depositions. Additionally, the arbitrator did not address: (1) the "actionable and discriminatory vote/determination by the College-Wide Review Committee" (complaint, ¶ 57); or (2) Sircar's retaliation claims. The arbitrator rendered a March 13, 2024 award, which denied Sircar's claims.

On August 14, 2024, Sircar withdrew her claims from the federal action to pursue her action in this Court under the NYSHRL and the NYCHRL. In her complaint, Sircar alleges two causes of action against the two defendants: (1) age discrimination; and (2) retaliation.

**DISCUSSION**

### i.      **Claim Preclusion and Sircar's Claims of Discrimination**

Defendants argue that because this litigation and the previous arbitration involve the same parties or their privies, the causes of action in this lawsuit arise from the same transactions that were litigated in the previous arbitration and because the arbitrator's decision was on the merits, res judicata, or claim preclusion, bars Sircar's age discrimination claim as set forth in this action.

Claim preclusion, the primary aspect of res judicata, acts to bar claims that were, or should have been, advanced in a previous suit involving the same parties (*Rojas v Romanoff*, 186 AD3d 103 [1st Dept 2020]). Claim preclusion bars a plaintiff's discrimination claims if: (a) the lawsuit involves the same parties or their privies as the arbitration; (b) the causes of action are from the same transactions or series of transactions that were or could have been litigated in the arbitration; and (c) the decision in the arbitration was on the merits (*Thomas v City of New York*, 239 AD2d 180, 180 [1st Dept 1997]). "This rule applies to claims actually litigated or that could have been litigated, despite the fact that the claims are based on a different theory or seek a different remedy" (*id.*).

"[P]rior arbitration awards may be given preclusive effect in a subsequent judicial action," and, therefore, this doctrine applies to arbitration awards (*Humphries v City Univ. of N.Y.*, 146 AD3d 427 [1st Dept 2017][Court granted defendant's motion to dismiss plaintiff's NYSHRL retaliation claim on ground of res judicata]; *see also Ecker v Lerner*, 123 A.D.2d 661, 661 [2d Dept 1986]). The First Department, in *Marinelli Assoc. v Helmsley-Noyes Co.*, affirmed the granting of defendant's motion to dismiss on the ground of res judicata and described the transaction at work under New York res judicata jurisprudence: "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*id.*, 265 AD2d 1, 5 [1st Dept 2000] quoting *O'Brien v City of Syracuse*, 54 NY2d 353, 357–358 [1981])

The Court of Appeals has stated that a valid final judgment bars future actions only where they are "between the same parties on the same cause of action" (*Parker v Blauvelt Volunteer Fire Co.*, Inc., 93 NY2d 343, 347 [1999]). Significantly, in *Parker*, the plaintiff, who had a final decision on his employment claims in a previous Article 78 Proceeding, was bringing

those employment claims in a subsequent Section 1983 civil rights action and seeking "one million dollars in damages and attorneys' fees for embarrassment, loss of reputation and mental anguish" (*Parker*, 93 NY2d at 348). The Court denied the defendants' motion on the ground of res judicata, finding that plaintiff's Section 1983 civil rights damage claims were not incidental to the primary relief of reinstatement that he sought in the Article 78 proceeding. Specifically, the Court found that res judicata did not bar plaintiff's section 1983 claims because this doctrine is inapplicable where a plaintiff is:

> "unable to . . . seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restriction on their authority to entertain . . . multiple remedies or forms of relief in a single action, and the plaintiff desires in the second action . . . to seek that remedy or form of relief"

(*id.*).

The First Department likewise describes the scope of this preclusive effect: "Pursuant to this approach, the doctrine bars not only claims that were actually litigated but also claims that could have been litigated, if they arose from the same transaction or series of transactions" (*Marinelli*, 265 AD2d at 1)."The one proviso to the foregoing being that the court must have had jurisdiction over the omitted cause of action for the bar to obtain. Obviously, one cannot be held to have waived a cause of action one could not bring" (Siegel, NY Prac § 218, at 317 [2d ed.].)

Here, defendants posit that the parties are the same in this lawsuit as in the arbitration as Sircar's union commenced the arbitration on Sircar's behalf against City College and CUNY and, therefore, CUNY is a party to this lawsuit and the arbitration and Sircar's union and City College are privies of Sircar and Boudreau. Defendants further argue that the causes of action in this lawsuit arise from the same transactions that were litigated in the arbitration. On this point, defendants take the position that although the arbitrator addressed Sircar's age discrimination claim according to the terms of the collective bargaining agreement and in this action Sircar

brings her age discrimination claim under the NYSHRL and the NYCHRL, the language in the collective bargaining agreement itself mandates that CUNY comply with all state and local laws regarding discrimination because of age. Finally, defendants argue that they received a decision on the merits in the arbitration.

In opposition, Sircar argues that the doctrine of res judicata is not applicable where the remedy that the plaintiff seeks in the subsequent proceeding was unavailable to the litigant in the prior proceeding (memo in opp at 13, quoting *Matter of Singh v New York State Div. of Human Rights,* 186 AD3d 1694 [2d Dept 2020]). It is Sircar's position that since she could only recover reinstatement and back pay through the arbitration, she was unable to recover compensatory, non-contract based, or punitive damages, in that forum. Additionally, Sircar argues that the lack of discovery and incomplete testimony "concerning the bases and criteria for considering tenure" (*id.* at 14), limits the weight that may be attributed to the arbitration decision in this proceeding with respect to Sircar's discrimination claim. Further, Sircar argues that in the course of the arbitration, it was never raised and there was no discovery on the question of the

> "different weights attributable—for the purposes of tenure – to (a) the nature/ reputation of publication in which a professor publishes, (b) whether or not the professor was the lead or sole author of an article (as opposed to being one of many authors); (c) the nature of the grants obtained or participated in –with NIH RO1 grant being the most prestigious and hardest to obtain and college grants being the least prestigious"

(Sircar aff in opp, ¶ 8).

Sircar avers that such distinctions are "routinely drawn and are dispositive," but were not addressed at all during the arbitration, or in the March 13, 2024, Opinion and Award (Opinion and Award) of Arbitrator Melissa H. Biren (the Arbitrator).

According to the Opinion and Award, the question to be decided by arbitration was:

> "Was the denial of reappointment with tenure to [Sircar], effective September 1, 2022, a violation of Articles 8, 9, 10, 18.1 and 18.3 of the CUNY/PSC Collective Bargaining

158492/2024  SIRCAR, RATNA vs. CITY UNIVERSITY OF NEW YORK ET AL
Motion No. 001 001                                                          Page 8 of 23

[* 8]                                    8 of 23

Agreement, Section 9.3 of the CUNY Bylaws; the Statement of the Board of Higher Education on Academic Personnel Practice; and the Max-Kahn Memorandum? If so, what shall be the remedy?'"

(Complaint, exhibit B at 1).

Additionally, in the Opinion and Award, the arbitrator noted that "[b]oth parties had a full opportunity to adduce evidence, to call and cross-examine witnesses and to make argument [sic] in support of their respective positions" (complaint, exhibit B at 1). The arbitrator held two days of hearings, June 21, 2023 and October 23, 2023, and issued a 21-page Opinion and Award.

On the issue of Sircar's age discrimination complaint, the arbitrator wrote:

"On this record, therefore, [Sircar's union] has not proven that Boudreau's decision to deny Sircar reappointment with tenure was an arbitrary exercise of his academic judgment. [The parties' disagreement] with [Boudreau's academic judgment, is not a basis for finding that [Boudreau's] judgment was arbitrary" (decision at 19). The arbitrator further found that "[Sircar's union] has also not proven that Boudreau's decision was discriminatory based on national origin and age" in violation of the CBA"

(complaint, exhibit B).

The arbitrator further determined that Sircar's union offered only conjecture to support her claims of discrimination (*id.*), and that Sircar was fully aware that both scholarly publications and obtaining external grant funding were critical factors in the tenure decision and that Sircar received ample guidance as to "her weaknesses in these two areas and the importance of receiving of improving this records as she progressed to tenure" (complaint, exhibit B at 14). On this point, the Arbitrator heard from Dr. Robert Melara, the Chair of Sircar's Department (Melara), who testified that "he was becoming increasingly 'panicked' by [Sircar's] lack of productivity on scholarly publication and [Sircar's] lack of success in obtaining external grant funding as her tenure clock progressed . . . ." (*id.*).

Significantly, the Arbitrator addressed and considered Sircar's statements concerning CUNY's disparate treatment of her and of the three professors who were younger than Sircar and

158492/2024 SIRCAR, RATNA vs. CITY UNIVERSITY OF NEW YORK ET AL
Motion No. 001 001

Page 9 of 23

[* 9]

who were awarded tenure. The Arbitrator found that the evidence established that those professors had published more than Sircar and had obtained grant funding exceeding that of Sircar during their employment at CUNY and, therefore, Sircar was unable to state a viable claim of age discrimination:

> "Specifically, one of the professors identified published approximately 17 peer reviewed articles, the second published approximately 32 peer reviewed articles and the third professor published approximately 20 peer reviewed articles; all three obtained external grant funding. Sircar's record of six published articles and no award of external grant funding as a PI during her time at City College was not comparable to the records of these other professors to state a viable claim of age discrimination"

(complaint, exhibit B at 20).

The Court finds based upon the Court of Appeals findings in *Parker* that defendants are not entitled to dismissal of Sircar's claim of age discrimination pursuant to the doctrine of res judicata. There can be no claim preclusion here since the arbitration was not on the same cause of action, which allows Sircar to seek the remedy she sought in this action (*see Parker*, 93 NY2d at 347). Although the same parties or their privies involved in this action were involved in the arbitration, and although the age discrimination cause of action set forth in Sircar's complaint arises from the same series of transactions as the claims alleged by the union in the arbitration, and the arbitration decision was on the merits, Sircar was unable to seek the relief of $1,500,000 in compensatory damages and $5,000,000 in punitive damages that she seeks in this action and, therefore, did not waive it (*see Thomas,* 239 AD2d at 180). The Court, therefore, denies defendants' motion to dismiss on this ground.

### ii.    Collateral Estoppel and Sircar's claim of Age Discrimination

The Court, however, finds that under the doctrine of collateral estoppel Sircar is barred from raising any of the issues she unsuccessfully litigated in the arbitration (*see Parker*, 93 NY2d at 349). Collateral estoppel, or issue preclusion "precludes a party from relitigating in a

subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . , whether or not the tribunals or causes of action are the same" (*id.* [internal quotation marks and citations omitted]). The doctrine applies if the issue in the second action is identical to that raised in the first tribunal, if that issue was necessarily decided and material in the first action, and where the party to be precluded had a "full and fair opportunity to litigate the issue in the earlier action," (*Netzahuall v All Will, LLC*, 145 AD3d 492 [1st Dept 2016]).

The Court does not find merit in Sircar's argument that the Arbitrator did not consider the weights of the reputation of the publication in which a professor publishes, or whether the professor was the sole author or whether grants obtained were prestigious. Sircar, and her union were present at the Arbitration and had the opportunity to offer evidence and testimony on this issue. The Arbitrator heard testimony and examined documents on the issue of CUNY's standards for tenure, Sircar's work and Sircar's alleged disparate treatment concerning her age. Additionally, it is of no consequence that there was no discovery during the arbitration (see *Marinelli Assoc.*, 265 AD2d 1). Arbitration typically does not involve discovery and often will result in different remedies than those available in Court, and yet New York courts find that the preclusionary doctrines are appropriately applied to arbitration awards (*see Matter of New York State Dept. of Labor*, 71 AD3d 1234 [3d Dept 2010]).

Here, the Arbitrator considered the facts underlying Sircar's age discrimination claim, and made a determination there were no facts supporting her claim, only speculation. The facts set forth by Sircar to support her age discrimination claim in the arbitration and those set forth in this action to support her claims pursuant to the NYSHRL and the NYCHRL are the same. [1]

---

[1] "Where a federal court has made an 'explicit finding that plaintiff produced no evidence on the relevant specific factual issue in the litigation,' as was done here, the application of the collateral estoppel bar to plaintiff's identical

Specifically, Sircar alleges in this action that the College-Wide Review Committee voted to grant tenure to two younger, "relatively less-qualified candidates who had neither the breadth of experience, publications, grant funding, research, accolades, or multidisciplinary abilities as [Sircar]" (complaint, ¶ 52), as she had in the arbitration. And the Arbitrator found that the evidence established that those professors had published more than Sircar and had obtained grant funding exceeding that of Sircar during their employment at CUNY and, therefore, Sircar was unable to state a viable claim of age discrimination. This section of the Opinion and Award is quoted above in this decision.

Thus, the Court finds that Sircar cannot relitigate the issues raised and decided in the arbitration where she had a full and fair opportunity to litigate the issue.

Defendants argue that Sircar is unable to prevail in this action because the issues have already been decided in their favor. It is defendants' position that the arbitrator already resolved three of the four elements needed to allege an age discrimination claim under the NYSHRL and the NYCHRL. This Court agrees and grants defendants' motion to dismiss on this ground.

### iii.    Sircar fails to state an age discrimination claim

Defendants argue that Sircar fails to state an age discrimination claim against CUNY. According to defendants, Sircar fails to plead that CUNY treated her less well than other employees under circumstances giving rise to an inference of discrimination. Specifically, defendants argue that Sircar has failed to allege any derogatory comments about her age or defendants' treatment of similarly situated employees that is different from defendants' treatment of Sircar. For example, Sircar has not alleged that "younger professors were treated differently than her based on age" (memo in support at 12).

---

claims under state statutes is warranted. With no factual findings to sustain a discrimination or retaliation claim no matter the standard, plaintiff's claims must be dismissed" *(Russell v New York Univ.,* 42 NY3d 377, 387 [2024]).

[* 12]

In order to allege a prima facie cause of action of age discrimination under the NYSHRL, a plaintiff must show: (1) that he or she is a member of a protected class; (2) he or she was qualified to hold the position; (3) he or she suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of age discrimination (*Shapiro v State*, 217 AD3d 700, 701 [2d Dept 2023]). Although claims pursuant to the NYCHRL must be construed liberally "for the accomplishment of the uniquely broad and remedial purposes," a plaintiff bringing an age discrimination claim pursuant to this statute, must still establish the four elements set forth above. As the Court of Appeals acknowledged: "Put another way, even under the City HRL, the 'general principle [of liberal construction] does not substitute for evidence' and 'once defendant [has] established its nonretaliatory reason in the federal action, plaintiff [is]required to identify an issue of fact" (*Russell*, 42 NY3d at 385).

In her complaint, in support of her claim of age discrimination, Sircar alleges that she was denied tenure due to her age, whereas three younger professors at CUNY were granted early tenure. Sircar alleges that the denial of tenure and non-renewal of her teaching contract constituted "blatant age discrimination and retaliation" (complaint, ¶ 15). She further states that an example of this age discrimination by CUNY was that Ruglass, "a significantly younger member of the profession . . . who came to CUNY in 2020 with a training grant . . . was granted early tenure" (complaint, ¶ 41). This disparate treatment, according to Sircar, is demonstrative of CUNY's treatment of older females when compared to younger female counterparts (complaint, ¶ 42).

In the complaint, Sircar alleges that CUNY's failure to timely complete her lab, refusal to give her start-up funds, and denying her tenure are all examples of CUNY's disparate treatment of her (complaint, ¶ 44). Additionally, at the time she was denied tenure, "two younger (by

[* 13]                                    13 of 23

decades) relatively less-qualified candidates who had neither the breadth of experience, publications, grant funding, research, accolades, or multidisciplinary ability as [Sircar]" were granted tenure (complaint, ¶ 52). The complaint identifies these two younger candidates who were granted tenure, when it was denied to her, as Adriana Espinosa and Sarah O'Neill and details their ages, as well as their inferior funding and lesser ability to obtain grant monies. Of this, she further alleges: "CCNY/CUNY clearly brought [Sircar] to secure her grant funding, her laboratory, and the prestige of her hire, but then shunted her to the side, including denying her the promised and relied upon early tenure that younger new hires with less prestigious grants and resumes, like [Ruglass] were granted" (complaint, ¶ 56).

In the first cause of action, for age discrimination, Sircar alleges, again, that CUNY denied her tenure and reappointment "in favor of two younger, demonstrably less-qualified candidates" and that CUNY has an institutional bias as to granting tenure to older candidates despite their superior credentials, as demonstrated by the disparate treatment of Sircar "vis-à-vis [Ruglass]" (complaint, ¶ 76). Additionally, under the age discrimination allegations, Sircar alleges:

"It is clear—especially from the past acts of discrimination against [Sircar] and comments concerning her age, including that CCNY could hire two younger people if it got rid of her—that [Sircar] was treated differently than otherwise similarly situated employees and held to different standards because of her age and seniority that were not applied to younger employees" (complaint, ¶ 78).

At the Arbitration, Sircar's union argued, inter alia, that she was delayed in submitting a third article until 2021 because she did not have access to her lab due to the pandemic, the denial of her tenure was discriminatory based on national origin and age and given her status this denial

158492/2024 SIRCAR, RATNA vs. CITY UNIVERSITY OF NEW YORK ET AL
Motion No. 001 001
Page 14 of 23

[* 14]
14 of 23

was age and national origin discrimination in violation of CBA Article 8. In the Opinion and Award, the Arbitrator details the requirements for achieving tenure, the guidance Sircar received at CUNY to be successful at achieving tenure, the relevant accomplishments by Sircar while at CUNY to achieve tenure, and the accomplishments of the three comparators that Sircar alleges were treated differently by CUNY.

According to the Opinion and Award, the Arbitrator considered Boudreau's March 17, 2022, letter denying Sircar's appeal of the negative recommendation of the College-Wide Review Committee concerning her reappointment and tenure. The letter, in part, reviewed the criteria for tenure, recognized the positive evaluations of Sircar's teaching and her significant record prior to arriving at CCNY, stated that in spite of these good reviews, "scholarship and professional growth were critical factors in the tenure decision," that her past productivity was entitled to little weight in the context of "the present tenure review," and stated that her resume "indicated that she had not obtained any external funding as a Principal Investigator (PI) since she arrived at City College" (Opinion and Award at 8-9).

The Arbitrator found that Sircar was fully aware that both scholarly publications and obtaining external grant funding were critical factors in the tenure decision, "but that she received ample guidance as to her weaknesses in these two areas and as to the importance of improving this record as she progressed to tenure" (Opinion and Award at 14). Because of [Sircar's] lack of success in obtaining external grant funding from 2015 to 2017, and because her rate of scholarly publications was also below that of others in the department, Melara [Sircar's Department Chair] recommended that [Sircar] focus on publication from [2015 to 2017]" (Opinion and Award at 14).

158492/2024  SIRCAR, RATNA vs. CITY UNIVERSITY OF NEW YORK ET AL
Motion No. 001 001

Page 15 of 23

[* 15]

15 of 23

Melara testified that he was becoming increasingly "panicked" about Sircar's lack of productivity on scholarly publication and lack of success in obtaining external grant funding as "her tenure clock progressed" (*id.*). Melara's guidance of Sircar included a November 2018 letter that stated that Sircar had not "obtained any grant for which you are Principal Investigator during your time at City College, and only one grant on which you are a co-Principal Investigator" and that this was "below the level of funding support we typically expect from faculty in order to be awarded tenure" (*id.* at 15). Likewise, in a meeting with Dean Liss, in November 2019, to review her progress towards tenure, "Rich again made clear that both scholarly publication and obtaining external funding to sustain her research in the future were critical for any tenure decision and had to be addressed" (*id.* at 15). The Arbitrator makes clear the basis for the Opinion and Award's findings: "On this record, I am persuaded that Rich's reference to the 'two threads of advice' [Sircar] received from Melara and Liss was a correct characterization of the prior guidance. Significantly, Sircar acknowledged at the time that she understood the need to work on both 'threads'" (*id.* at 15-16).

The Arbitrator found that Sircar did not comply with these plans and did not "submit three papers before the end of the calendar year 2020 . . . she did not have three additional papers submitted for review, much less published, when she applied for tenure," (*id.* at 16). "Further, while Sircar did submit a grant application as a PI, she was unsuccessful in obtaining funding" (*id.*).

Ultimately, the Arbitrator found "[o]n this record, therefore, [the union] has not proven that Boudreau's decision to deny Sircar reappointment with tenure was an arbitrary exercise of his academic judgment. [The parties' disagreement] with [Boudreau's academic judgment, is not a basis for finding that [Boudreau's] judgment was arbitrary" (*id.* at 19). The arbitrator further

158492/2024  SIRCAR, RATNA vs. CITY UNIVERSITY OF NEW YORK ET AL
Motion No. 001 001

Page 16 of 23

found that Sircar's union "has also not proven that Boudreau's decision was discriminatory based on national origin and age" in violation of Article 8 of the CBA" (*id.* at 19). The Arbitrator found that the union's offering in support of Sircar's discrimination claims is conjecture unsupported by facts.

Finally, the Arbitrator concluded that on that record, Sircar was unable to establish discrimination on the basis of age. The Arbitrator acknowledged Sircar's claim that the denial of tenure with reappointment was discriminatory on the basis of age and examined the supporting allegations that because three faculty members who are younger than Sircar were awarded tenure Sircar is able to establish this claim. The Arbitrator finds, however, that these three faculty members were entitled to tenure based upon the standards for tenure at CUNY and the accomplishments of those three younger employees:

> "Specifically, one of the professors identified published approximately 17 peer reviewed articles, the second published approximately 32 peer reviewed articles and the third professor published approximately 20 peer reviewed articles; all three obtained external grant funding. Sircar's record of six published articles and no award of external grant funding as a PI during her time at City College was not comparable to the records of these other professors to state a viable claim of age discrimination"

(Opinion and Award, at 20).

The Court finds that all the underlying facts set forth to establish Sircar's age discrimination claim, as alleged in the complaint filed in this Court, were litigated and decided. The finding by the Arbitrator that Sircar has no facts to support her age discrimination claim, and that her position is pure conjecture, undermines Sircar's claims of age discrimination pursuant to the NYSHRL and the NYCHRL in this Court to the extent that she has failed to state these claims. The Court, therefore, grants defendants' motion to dismiss this claim pursuant to CPLR 3211(a)(7).

### iv. Sircar's Retaliation Claim against CUNY

In order to state a prima facie claim for retaliation under the NYSHRL, a plaintiff must allege: (1) that she engaged in a protected activity; (2) that defendants were aware of the protected activity; (3) that defendants took action that disadvantaged her because of that protected activity; and (4) a causal connection between the protected activity and the action that disadvantaged plaintiff (*Thide v New York State Dept. of Transp.*, 27 AD3d 452, 454 [2d Dept 2006]).  Here, defendants argue that Sircar has failed to allege a causal connection between any protected activity and the conduct that disadvantaged her.

Sircar alleges that after she indicated to CUNY that she intended to bring an EEOC charge challenging CUNY's denial of reappointment with tenure, defendants did not permit her to continue teaching and her lab was dismantled (complaint, ¶¶ 16 and 67).  Specifically, in the complaint, Sircar alleges: "After the improper denial of her application for renewal and tenure, [Sircar] filed a grievance and indicated that she would be further seeking to protect her rights through filing a charge of discrimination with the EEOC" (complaint, ¶ 16).  In paragraph 66 of the complaint, Sircar alleges that CUNY's "retaliation continued after the denial of her tenure and renewal, as well as her appeal of the same."

Sircar explains that after she was denied reappointment with tenure, CUNY offered her the opportunity to continue to work in her lab and serve as an adjunct professor (complaint, ¶¶ 66, 83).  Her course was listed in the curriculum guide for the following academic semester (complaint, ¶¶ 66, 84). However, "upon learning that [Sircar] intended to move forward to attempt to protect her rights under threat of discrimination by pursing [sic] an EEOC charge, the course was stricken from the available course listings and [Sircar] has been precluded from serving even as an adjunct.  In addition, her lab had been shut down and dismantled" (complaint, ¶¶ 67, 85-86).

158492/2024  SIRCAR, RATNA vs. CITY UNIVERSITY OF NEW YORK ET AL
Motion No. 001 001

Page 18 of 23

Defendants argue that these facts set forth in the complaint do not allege a retaliation claim. Defendants contend that Sircar failed to allege when she filed the EEOC charge and to whom at CUNY she divulged any information about this charge, or even how she notified anyone at CUNY. Nor has Sircar identified any facts linking the dismantling of her lab or the cancellation of her class and her EEOC complaint. In other words, there is no alleged connection between defendants deconstruction of Sircar's lab and her EEOC charge other than simply noting that these actions by CUNY were "very close in time" to her EEOC charge. Nor does Sircar establish that her lab was deconstructed as a result of her EEOC charge or because after losing reassignment with tenure she was no longer entitled to these facilities. There are no allegations that defendants made any verbal or written remark to suggest retaliation.

Further, defendants argue that Sircar's affidavit does not correct any of these failures in the retaliation claim as set forth in the complaint. In her affidavit, Plaintiff asserts that Defendants "received a copy" of her EEOC complaint, that she complained to the City College Diversity Office, and that she "raised the issue" of being taken off the syllabus with CUNY personnel. Sircar Aff. ¶¶ 14-15. But without dates, her claim fails as there is no factual support to show that Defendants deconstructed her lab and delisted her adjunct class in response to her complaints, as opposed to the obvious reason, which is because she was denied reappointment with tenure. *See Lum v. Consol. Edison Co. of N.Y., Inc.*, 209 A.D.3d 434, 435 (1st Dep't 2022) (Court affirmed grant of defendant's motion to dismiss plaintiff's retaliation claim where plaintiff's "vague allegation that he complained about discriminatory conduct on several occasions, including in 'late 2019,' lacks any factual context that might support an inference of a causal connection to his January 2020 termination, particularly in light of the allegations specifically tying plaintiff's termination to the positive results of his November 2019 drug test");

158492/2024 SIRCAR, RATNA vs. CITY UNIVERSITY OF NEW YORK ET AL
Motion No. 001 001

Page 19 of 23

*Brown v. City of New York*, 185 A.D.3d 410, 410 [1st Dept 2020] [dismissing City Human Rights Law retaliation claims because gap of just a few months is insufficient to show a causal connection between complaints and conduct that disadvantage the plaintiff]).

In opposition, Sircar repeats that her right to serve as an adjunct professor "was stripped from her, much to the dismay and surprise of her Chair, by Defendants directly after she filed her EEOC charge and made complaint through CUNY's College Diversity Office" (memo in opp at 22).

In *Lum v Consolidated Edison Co. of N.Y., Inc.*, the First Department affirmed the lower court decision to grant defendant's motion to dismiss plaintiff's retaliation claim, and in so doing restated its rule that "[a]bsent any details about the conduct complained of, to whom the complaint was made, or precisely when it was made, the complaint fails to state a claim for retaliation" (*id.*, 209 AD3d 434, 435 [1st Dept 2022] *see also Whitfield-Ortiz v Department of Educ. Of City of N.Y.*, 116 AD3d 580, 581 [1st Dept 2014] [The Court affirms the granting of defendant's motion to dismiss plaintiff's retaliation claims, "as she failed to plead any facts regarding when the alleged retaliatory incidents occurred or how those incidents were causally connected to any protected activity"]).

Here, the Court finds that Sircar's allegation of retaliation as against CUNY falls short of what is legally required to allege such a claim. In her complaint, her affidavit in support of her opposition, and in her attorney's affirmation in support of her opposition, Sircar alleges that the College-Wide Review Committee voted to deny her tenure on November 8, 2021. She additionally alleges that after her "improper non-renewal" she was allowed to teach a single course in an adjunct position in the Fall 2022 semester, but that upon learning that Sircar intended to move forward "to attempt to protect her rights under threat of discrimination by

**158492/2024  SIRCAR, RATNA vs. CITY UNIVERSITY OF NEW YORK ET AL**
**Motion No. 001 001**

**Page 20 of 23**

[* 20]

20 of 23

pursuing an EEOC charge," the course was stricken from the available listings and she was not permitted to serve as an adjunct. Likewise, in her affidavit, she avers that the defendants received a copy of her EEOC complaint, but does not indicate when it was received or what conduct was complained of in that charge. Thus, none of these allegations concerning retaliation includes any details about precisely when Sircar engaged in this alleged protected activity, or what conduct she complained of to the EEOC or to the College Diversity Office, or even when defendants discovered this information. Without knowing when Sircar engaged in the protected activity or when the defendants were informed of this protected activity, it is not possible for the Court to find a causal relationship between the protected activity and the alleged adverse employment action. For this reason, the Court grants defendants' motion on this ground and dismisses Sircar's claim for retaliation.

### v.     Sircar's claims set forth against Boudreau

As the Court stated above, the claims in this action are precluded under the doctrine of collateral estoppel, based upon the previous arbitration. Under the relevant case law, claim preclusion bars a plaintiff's discrimination claim if the lawsuit involves the same parties or their privies as to the arbitration (*Thomas*, 239 AD2d at 180). In the decision, the arbitrator found:

> "On this record, therefore, [Sircar's union] has not proven that Boudreau's decision to deny Sircar reappointment with tenure was an arbitrary exercise of his academic judgment. [The parties' disagreement] with [Boudreau's academic judgment, is not a basis for finding that [Boudreau's] judgment was arbitrary" (decision at 19). The arbitrator further found that "[Sircar's union] has also not proven that Boudreau's decision was discriminatory based on national origin and age" in violation of the CBA"
(*id.*)

Furthermore, as Sircar has failed to offer any facts as to whom she informed about her EEOC charge, or when that was done, and whether Boudreau had any knowledge of those

158492/2024  SIRCAR, RATNA vs. CITY UNIVERSITY OF NEW YORK ET AL                Page 21 of 23
Motion No. 001 001

[* 21]                                    21 of 23

charges, the retaliation claim is insufficient as against Boudreau. Thus, for the reasons stated above, the Court dismisses the claims of age discrimination and retaliation against all defendants.

**vi.** **Sovereign Immunity and Sircar's City Human Rights Law Claims**

Defendants argue that although Sircar does not specify whether her NYCHRL claims against Boudreau are against him in his individual or official capacity, the claim against him is barred by sovereign immunity. CUNY and CUNY officials, like Boudreau, are "instrumentalities of the State, which has not waived its sovereign immunity for claims under the NYCHRL (*Miller v City Univ. of New York*, 66 Misc3d 1227(A) at *6). Additionally, sovereign immunity bars claims against an individual defendant if the complaint alleges conduct only in the defendant's official capacity (see *Ajoku v New York State Office of Temporary Disability Assistance*, 2020 WL 886160 [NY County, Sup Ct 2020)] aff'd 198 AD3d 437 [1st Dept 2021]).

Here, Sircar alleges that Boudreau became involved in her failure to be reassigned and to receive tenure in December 2021 when she appealed the College-Wide Review Committee's decision to Boudreau. Sircar alleges that Boudreau reached the same decision as the Committee. According to the complaint, Sircar brings this action against Boudreau for his role in "improperly denying [Sircar] tenure and reappointment" and for setting forth pre-textual stated reasons in his decision. Sircar does not argue that Boudreau acted in his individual capacity, but simply asserts that individuals may be liable under the NYCHRL.

The Court finds that Boudreau was acting in his official capacity when he undertook the actions alleged in the complaint, and, therefore, he is entitled to sovereign immunity for Sircar's NYCHRL claims (see Ajoku, 2020 WL 881160 at *4). Additionally, as Sircar has not alleged a prima facie claim of age discrimination under the NYSHRL and the NYCHRL, and because,

158492/2024  SIRCAR, RATNA vs. CITY UNIVERSITY OF NEW YORK ET AL          Page 22 of 23
Motion No. 001 001

22 of 23

Sircar has not alleged a prima facie claim of retaliations, the Court grants defendants' motion to dismiss the complaint as against Boudreau.

In accordance with the foregoing, it is

ORDERED that defendants motion to dismiss the complaint of plaintiff Ratna Sircar is granted and the Clerk is directed to enter judgment in favor of defendant dismissing this action, together with costs and disbursements to defendant, as taxed by the Clerk upon presentation of a bill of costs.

This constitutes the decision and order of the Court.

| 6/23/2025 | | | James d'Auguste, J.S.C. |
|---|---|---|---|
| DATE | | | |

CHECK ONE:    [X] CASE DISPOSED    [ ] NON-FINAL DISPOSITION

   [X] GRANTED    [ ] DENIED    [ ] GRANTED IN PART    [ ] OTHER

APPLICATION:    [ ] SETTLE ORDER    [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:    [ ] INCLUDES TRANSFER/REASSIGN    [ ] FIDUCIARY APPOINTMENT    [ ] REFERENCE

158492/2024   SIRCAR, RATNA vs. CITY UNIVERSITY OF NEW YORK ET AL
Motion No. 001 001

Page 23 of 23

23 of 23